IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MATTHEW THOMAS CLARKE, #478025, §
　§
*Plaintiff*, §
　§ Civil Action No. 4:08-cv-381
v. §
　§ JUDGE CLARK/JUDGE MAZZANT
DIRECTOR, TDCJ-CID, §
　§
*Defendant*. §

## ORDER OF DISMISSAL

Petitioner Matthew Thomas Clarke, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Clarke is not challenging the validity of his aggravated sexual assault convictions; instead, his petition challenges the retrospective application of changes in parole statutes, rules, regulations, policies, practices and philosophy after the commission date of his offenses, which have allegedly violated the Ex Post Facto Clause.

This case was originally assigned to United States District Court Judge Michael Schneider, and referred to United States Magistrate Judge Don D. Bush in October 2008. The case was reassigned to United States Magistrate Judge Amos L. Mazzant in April 2009. Judge Mazzant entered a Report and Recommendation, rejecting Mr. Clarke's claims after making a preliminary review of the petition. The Report and Recommendation was adopted by Judge Schneider.

On appeal, the Fifth Circuit reversed in part and remanded, with instructions that the court specifically address three of Mr. Clarke's nine *ex post facto* claims. *Clarke v. Thaler*, 415 F. App'x 529, 530 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 385 (2011). After the case was remanded, it was

1

transferred to the undersigned in light of a judicial vacancy in the Sherman Division. The case was again referred to Judge Mazzant, who ordered the parties to expand the record regarding the three remanded claims. Judge Mazzant subsequently issued a Report and Recommendation concluding that the petition should be denied. Mr. Clarke now files objections.

Mr. Clarke initially complained in his objections about an order striking his reply to the Director's response to the court's order to expand the record. The reply was struck because it exceeded the page limits contained in Local Rule CV-3. Mr. Clarke's response was 204 pages long. Local Rule CV-3 limits *pro se* documents, including attachments, to twenty pages, absent permission from the presiding judge to file a longer document. Even though Mr. Clarke sought permission to file a reply that exceeded twenty pages, his request was rejected because the reply was more than ten times the page limit.

The court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause, but the document tendered by Mr. Clarke was unreasonably long. "[A] federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879 at *1 (5th Cir. July 28, 2011) (quoting *In re United Mkts. Int'l, Inc*, 24 F.3d 650, 654 (5th Cir. 1994)). That power is reflected in the managerial function of Local Rule CV-3. The document was properly struck, and the objection about striking the document lacks merit. Nonetheless, in the interest of justice, the court has reviewed the reply and considered it in addressing the remainder of Mr. Clarke's objections.

With respect to the three claims remanded by the Fifth Circuit, Mr. Clarke objected to Judge Mazzant's reliance on the Fifth Circuit's decision in *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008). *Wallace* states that laws which may affect a prisoner's eligibility for parole may have *ex post*

*facto* implications, but laws that merely affect the discretionary determination of suitability for parole do not. *Id.* at 355.

Mr. Clarke argued in his objections that in remanding the instant case, the Fifth Circuit held that *Wallace* does not bar his lawsuit. This is incorrect. What the court actually said was that:

> the district court did not address his claims that the Ex Post Facto Clause was violated by requiring sex offenders to complete a sexual offender treatment program (SOTP) before being released on parole, by keeping violent offenders in prison longer to receive federal funds under the Truth-in-Sentencing-Act, and by the State's passing of laws that make it tougher for violent offenders to be released on parole.

*Clarke*, 415 F. App'x. at 530. The three claims were remanded by the Fifth Circuit because they were not specifically addressed. *Id.* The Circuit Court did not prohibit this court from considering *Wallace* or any other Fifth Circuit opinion regarding the application of the Ex Post Facto Clause. The objection lacks merit.

Mr. Clarke further argued that the *Wallace* decision should not govern this case because it "is fatally flawed and contrary to Supreme Court precedent." Regardless of what Mr. Clarke may think about the *Wallace* decision, this court is bound by Fifth Circuit precedent. Moreover, just recently, the Fifth Circuit rejected similar challenges to the *Wallace* decision in *Wion v. Jenkins*, 2012 WL 3139564 at *2 (5th Cir. Aug. 2, 2012). The objections to this court's reliance on *Wallace* lack merit.

The first remanded claim concerned whether there was a violation of the Ex Post Facto Clause by requiring offenders to complete a SOTP before being released on parole. In his objections, Mr. Clarke asserted that he will be required to complete a SOTP because he is a sex offender. He complained that there are not enough SOTP classes being taught, which is keeping sex offenders in

custody. In his objections and his reply, he asserted that inmates have been waiting for extended periods of time to take a SOTP.

According to the documentation submitted by the Director, "[t]here is no requirement for an offender to complete the SOTP before being considered for parole." A SOTP is an option available to the Parole Board in the event that the Parole Board determines that circumstances favor an inmate's release. It is purely speculative whether Mr. Clarke will ever be deemed suitable for parole release and, if deemed suitable for parole, will be required to complete a SOTP. This case is not ripe for adjudication since "it rests upon contingent future events that may not occur as anticipated, or indeed may never occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotes and citations omitted); *see also Cooper v. Owens*, 303 Fed. Appx. 179 (5th Cir. 2008) (case was not ripe for review where prisoner failed to show that release on parole or supervised release was actual or imminent). Because Mr. Clarke has not shown that his release on parole was actual or imminent, whether he will ever be deemed suitable for parole and then required to complete a SOTP is speculative. The objection lacks merit.

Mr. Clarke also objected to the conclusion that relief should be denied because the Ex Post Facto Clause is not violated simply by requiring him to complete a sex offender program because he is a sex offender. He argued that the resolution of this issue is governed by the Supreme Court's decision in *Garner v. Jones*, 529 U.S. 244 (2000). He asserted that *Garner* stands for the proposition that there is an *ex post facto* violation when a change creates a reasonable risk of increasing the amount of time actually served. *Id.* at 250.

*Garner* concerned the retroactive application of a Georgia Parole Board rule regarding the frequency of reconsideration of inmates for parole serving life sentences from every three to eight

years. The Court found that retroactive changes in the law governing parole may possibly violate the Ex Post Facto Clause. *Id.* at 250. It was further noted that the presence of a parole board's discretion did not displace the protections of the Ex Post Facto Clause. *Id.* at 253. Nonetheless, the Court rejected the Eleventh Circuit's supposition that the change in the rule "seems certain" to result in some prisoners serving an extended period of incarceration. *Id.* at 255. The Court found that in order to obtain relief the petitioner had to "show that as applied to his own sentence the law created a significant risk of increasing his punishment." *Id.*

In *Wion v. Jenkins*, *supra*, the Fifth Circuit discussed evidence that showed that sex offenders in Texas under prior law had a difficult time obtaining release. 2012 WL 3139564 at *1. After discussing both *Garner* and *Wallace*, the Fifth Circuit found that changes in parole laws "created only a most speculative and attenuated risk of increasing an offender's term of incarceration and that as applied, the amendments did not create a significant risk of increasing the offender's punishment." *Id.* at *2.

In the present case, Mr. Clarke provided examples in his reply, which likewise showed that sex offenders are having had a hard time obtaining release. Nonetheless, just like the situation in *Wion*, his focus on the SOTP has created only a most speculative and attenuated risk of increasing his term of incarceration and that as applied, the amendments did not create a significant risk of increasing his punishment.

The parole law in effect at the time Mr. Clarke committed his state offenses provided that "[t]he board may adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to the eligibility of prisoners for parole and mandatory supervision . . . or conditions to be imposed upon parolees and persons released to mandatory supervision." Tex. Code

Crim. Proc. art. 42.18 § 8(g) (Vernon 1987). The SOTP is a rehabilitative program that is available to the Parole Board. It is not punitive. The retroactive application of the SOTP, a nonpunitive program, simply does not violate the Ex Post Facto Clause. *See Smith v. Doe*, 538 U.S. 84, 105-06 (2003) (finding that Alaska's Sex Offender Registration Act was not punitive and thus the retroactive application of the statute did not violate the Ex Post Facto Clause). Mr. Clarke's allegation that the Ex Post Facto Clause is violated by requiring sex offenders to complete a SOTP lacks merit and his objections similarly lack merit.

The second remanded claim concerns whether there is an *ex post facto* violation by keeping violent offenders in prison longer in order to receive federal funds under the Truth in Sentencing Act. However, keeping inmates in custody longer in order to receive federal funds relates only to suitability for parole release, not eligibility. Mr. Clarke's objections again challenged the Fifth Circuit's decision in *Wallace,* and stated that it was contrary to the Supreme Court's decision in *Garner*.

The Fifth Circuit rejected the argument that the decision in *Wallace* is contrary to *Garner*, *Wion*, 2012 WL 3139564 at *2, and this court is obligated to follow Fifth Circuit precedent. The changes that have been made relating to parole only concern factors relating to suitability for parole release, not eligibility, and thus the changes do not violate the Ex Post Facto Clause. *Wallace*, 516 F.3d at 355.

The third remanded point claims that the State has passed laws making it tougher for violent offenders to be released on parole. The Report and Recommendation observed that Mr. Clarke's briefing focused on a Western District of Texas decision that granted an *ex post facto* claim. *Wion v. Dretke*, No. MO-05-cv-146 (W.D. Tex. Mar. 29, 2007). While the *Wion* case was perhaps not the

6

focus of Mr. Clarke's argument, the same issue was raised in the case, which was reversed on appeal by the Fifth Circuit. *Wion v. Quarterman*, 567 F.3d 146 (5th Cir. 2009), *cert denied by Wion v. Thaler*, 130 S. Ct. 1120 (2010). More recently, the Fifth Circuit again rejected such claims in *Wion v. Jenkins*, *supra.* To whatever extent the State has passed laws that make it more difficult for violent offenders to receive parole release, such changes relate only to factors affecting suitability for release and not changes in eligibility for release on parole. Consequently, there are no violations of the Ex Post Facto Clause. *See Wallace*, 516 F.3d at 355.

In conclusion, Mr. Clarke's petition and his objections lack merit. Having made a *de novo* review of the objections raised by Mr. Clarke to Judge Mazzant's Report and Recommendation, the court is of the opinion that the findings and conclusions of Judge Mazzant are correct. Mr. Clarke's objections are without merit. Therefore the court hereby adopts the findings and conclusions of Judge Mazzant as the findings and conclusions of the court.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is DENIED and the case is DISMISSED with prejudice. A certificate of appealability is DENIED. All motions by either party not previously ruled on are hereby DENIED.

So **ORDERED** and **SIGNED** this **13** day of **September, 2012.**

_____
Ron Clark, United States District Judge