IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

MATTHEW CLARKE , #478025             §

VS.                                  §                CIVIL ACTION NO. 4:08cv381

DIRECTOR, TDCJ-CID                   §

MEMORANDUM OPINION AND ORDER

Petitioner Matthew Thomas Clarke, an inmate confined in the Texas prison system, proceeding *pro se*, filed a motion for new trial (docket entry #68), which is construed as a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 59 motion should not be used to rehash evidence, legal theories, or arguments that could have been raised or were raised before entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Petitioner asserts that he is entitled to relief because the court did not consider the exhibits that he filed. The court notes that some of Petitioner's filings were struck because they exceeded the page limits contained in Local Rule CV-3. Petitioner's reply was 204 pages long. Local Rule CV-3 limits documents, including attachments, to twenty pages, absent permission from the presiding

judge to file a longer document. Even though Petitioner sought permission to file a reply that exceeded twenty pages, his request was denied because the reply was more than ten times the page limit. The court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause, but the document tendered was unreasonably long. "[A] federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879 at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc*, 24 F.3d 650, 654 (5th Cir. 1994)). That power in this case is reflected in the managerial function of Local Rule CV-3. The document was properly struck, and the objection about striking the document lack merit.

Moreover, Petitioner claims that his exhibits were duplicates of those filed in the state court habeas proceedings. In its deliberation of this case, the court considered any relevant document as it related to determining the legal merit of issues presented by Petitioner, including the state court records in this case. Petitioner should note, however, that written articles, prison statistics, and administrative directives concerning prison policies are not legal precedent.

In sum, Petitioner does not provide the court with any grounds to alter or amend the judgment. He has failed to clearly establish either a manifest error of law or fact or newly discovered evidence. *Ross*, 426 F.3d at 763. Therefore, in the absence of any new arguments or evidence that could not have been raised in the prior proceeding, the court denies Petitioner's motion as he has failed to state any grounds sufficient to reopen or revisit the case. Fed. R. Civ. P. 59(a). It is accordingly ORDERED that the motion for reconsideration [Doc. 68] is DENIED.

So **ORDERED** and **SIGNED** this **4** day of **September, 2013.**

2  _____
Ron Clark, United States District Judge

ORDERED that Petitioner's motion for reconsideration (docket entry #68) is DENIED.